## IRWIN v KING et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11741. Decided June 22, 1931

McSweeney, Poulson, Gardner & Brady, Cleveland, for Irwin.

Bernard S. Brady, and E. W. Disette, Cleveland, for King et.

ROSS, PJ, HAMILTON and CUSHING, JJ, (1st Dist), sitting.

ROSS, PJ.

The first question presented is: When did the cause of action against these sureties arise in favor of the plaintiff in error? Sec 10848 GC, provides as follows:

"After thirty days from the time of the settlement of the account of an executor, administrator, or guardian is made, and an order of distribution made thereon by the probate court, if such executor, administrator or guardian neglects or refuses to pay to a person interested in such order distribution as creditor, legatee, widow, heir, or other distributee, or otherwise when demanded, his or her share of the estate or property ordered to be distributed, the person so interested may file a petition in the probate court against the executor, administrator or guardian, making such settlement of his or her account, briefly setting forth therein, the amount and nature of the claim of the party filing it."

This section establishes a right of action against the administratrix upon the neglect or refusal to pay the distributive share "when demanded."

Manifestly there could be no right of action against the sureties prior to the existence of such right against the administratrix.

Sec 10843 GC, provides:

"If a sum of money directed by a decree or order of the court to be distributed to heirs, next of kin, or legatees, or by a judgment or decree of court in favor of a creditor, remains for six months unclaimed, the executor or administrator shall loan it on bond or mortgage, as the court directs, to accumulate for the benefit of the persons entitled thereto. Such loan shall be made in the name of the judge of the court for the time being, and be subject to the order of the judge and his successors in office, as hereinafter provided."

And §10845 GC provides:

"The statute of limitations shall not be set up as a defense or bar to an action against an executor or administrator who fails or neglects to comply with the requirements of the next two preceeding sections."

Succeeding sections of the code provide for the institution and prosecution of proceedings to secure funds which the administratrix has failed, neglected or refused upon demand to pay to a distributee and provision is therein also made for recovering from the sureties of such administratrix.

In §10856 GC it is provided that,

"The surety shall be permitted to make any defense that the executor or administrator could have made."

Obviously such surety cannot make a defense which by statute the administratrix is specifically forbidden to make. While the surety might have defenses which would not be applicable to the administratrix, such as a defect in the bond, the surety may not set up a defense wholly removed by statute and unavailable to the principal.

In **Braiden v Mercer, 44 Oh St 339, 342** the privity and relation of sureties to principal is well set forth as is the binding character of a judgment against the principal upon the sureties.

Under the statutes noted herein, we find that the cause of action in the instant case was not barred by any statute of limitations, even if such defense is available to the sureties—the co-defendants in error of the administratrix.

The judgment will be reversed, and there being no dispute as to the facts, judgment is rendered in favor of the plaintiff in error against the defendants in error, for the amount of his distributive share, with interest from the 25th of May, 1929.

HAMILTON and CUSHING, JJ, concur.